## J. A. Wilson & Son v. Himan Loeb.

1. PRINCIPAL AND AGENT—*Principal, To What Extent Bound.*—A principal will be bound to the extent of the authority a third person, acting with reasonable prudence, will be justified in believing, from the acts of the principal, that the agent possessed.

2. SAME—*Bona Fide Buyer, How Far Protected.*—A *bona fide* purchaser, who relies upon the apparent ownership of an agent, is to be protected as against the principal, who, by his own act, created the existence of the apparent condition of ownership.

Replevin.—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

LeForgee & Lee, attorneys for appellant.

J. M. Gray, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee authorized his agents, Cowgill and Swallow, to purchase old iron, etc., commonly called junk, for him.

They were not authorized to sell, but only to buy, but they held themselves out to appellants as being the owners of a quantity of junk so purchased as agents, and offered to sell to them.

They bought, and appellee replevied and recovered judgment. Hence this appeal.

Appellee was the owner of the junk, and as he had not authorized Cowgill and Swallow to sell it, no title passed to appellant by the purchase, according to the general rule. 21 Am. and Eng. Ency. of Law, 567, and note 1.

There are exceptions to this general rule, and one of them, which is that a principal will be bound to the extent of the authority a third person, acting with reasonable prudence, would be justified in believing, from the acts of the principal, the agent possessed, is supposed to be applicable to this case.

It is complained the court refused to give to the jury instructions asked by the appellants, stating the principle of this exception to the general doctrine.

We do not concede any of such refused instructions correctly stated the principle of the exceptions, but think, had they done so, they should have been refused on the ground there was no evidence upon which to base them.

Appellant's case and testimony was, they did not know Cowgill and Swallow were agents, but believed they were owners of the property and bought from them as owners.

This belief was inspired by the representations and conduct of Cowgill and Swallow and not by anything done by or chargeable to the appellee.

They were, however, not owners, but only agents, and there is an entire absence of proof tending to show the appellee had invested them with power to sell, or did anything tending to hold them out to the world as being possessed of such authority.

They were in possession, but mere possession and control is entirely consistent with the relation of principal and agent.

In such cases as this, the remedy of the buyer is against the vendors upon the implied breach of warranty of title. 21 Amer. and Eng. Ency. of Law, 568.

It has been held a buyer of personal property from a vendee, who obtained possession of the goods through the medium of a fraudulent sale, will be protected, and such cases are not at all in conflict with our ruling in the case at bar.

The vendor, in cases of fraudulent sales, delivers possession of the goods to the vendee, as being the owner, and invests him with full apparent ownership, and indeed, such a vendee is the owner until the vendor repudiates the transaction because of the fraud.

A *bona fide* buyer who relies upon such apparent ownership is to be protected as against the seller who, by his own act, created the existence of the apparent condition of ownership.

The judgment in the case at bar must be and is affirmed.